**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KABIR SAROWAR MATUBBAR, | No. 17-73020 |
| Petitioner, | Agency No. A206-271-851 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Kabir Sarowar Matubbar, a native and citizen of Bangladesh, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Matubbar's testimony and asylum application as to the dates he lived in South Africa, and inconsistencies between Matubbar's testimony, declaration, and documentary evidence as to whether he was in Bangladesh when he was allegedly beaten in December 2013. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Matubbar's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Matubbar's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Matubbar's CAT claim also fails because it is based on the same testimony the agency found not credible, and Matubbar does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be

17-73020

tortured by or with the consent or acquiescence of the government of Bangladesh.

*Id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**